23-1240-cv
*Perez v. Escobar Construction, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of July, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MARCO ANTONIO PEREZ PEREZ, on their own behalf and on behalf of others similarly situated, JOSE EDUARDO SANCHEZ ARIAS, on their own behalf and on behalf of others similarly situated,

*Plaintiffs-Appellants*,

AARON TOWNSEND, MARTIN GALVAN GUEVARA, OSCAR GARZA, VINCENTE PADILLA, KASHEEM C HILL, MARTIN JR. GALVAN, DIEGO BECERRA VILLASENOR,

*Plaintiffs*,

v.                                                        23-1240-cv

ESCOBAR CONSTRUCTION, INC., NATIONS CONSTRUCTION, INC., JRS SERVICES, LLC, JENNY CAROLINA ALVAREZ, JHONY ARIS

ESCOBAR, ELIAS OSMIN ALVAREZ
PALACIOS, a/k/a ELIAS ESCOBAR,

*Defendants-Appellees*.[*]

<table>
<tr><td>FOR PLAINTIFFS-APPELLANTS:</td><td>AARON B. SCHWEITZER (John Troy and Tiffany Troy, <em>on the brief</em>), Troy Law PLLC, Flushing, New York.</td></tr>
<tr><td>FOR DEFENDANTS-APPELLEES:</td><td>DANIEL GRACE (Yuting Li and Douglas Mace, <em>on the brief</em>), Danny Grace PLLC, New York, New York.</td></tr>
</table>

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on August 23, 2023, is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiffs-Appellants Marco Antonio Perez Perez and Jose Eduardo Sanchez Arias (together, "Plaintiffs") appeal the district court's dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of their putative class action challenging the employment practices of Escobar Construction, Inc. ("Escobar Construction"), Nations Construction, Inc. ("Nations Construction"), and JRS Services, LLC ("JRS Services") (collectively, "Corporate Defendants"), and Jhony Aris Escobar, Elias Osmin Alvarez Palacios, and Jenny Carolina Alvarez (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants"). In the operative Second Amended Complaint, Plaintiffs allege Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL") by, *inter alia*, failing to

---

[*] The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order.

pay the minimum and overtime wages owed to Plaintiffs for their work on Defendants' construction projects. The district court granted Defendants' motion to dismiss, concluding that Plaintiffs had not adequately alleged that any of the Defendants were their employer, as required to state a claim under the FLSA or NYLL.[1] "We review the district court's dismissal . . . *de novo*, accepting all the factual allegations in the complaint as true and drawing all reasonable inferences in favor of" Plaintiffs. *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013). In doing so, we assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An employer-employee relationship is an element of each claim asserted by Plaintiffs. *See* 29 U.S.C §§ 206

---

[1] As a threshold matter, Plaintiffs argue that Defendants' motion to dismiss the Second Amended Complaint was untimely because Defendants filed an answer to the First Amended Complaint, rather than moving to dismiss. We note that, because Plaintiffs did not raise this argument before the district court, we need not consider it for the first time on appeal. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (alteration adopted) (internal quotation marks and citation omitted)). In any event, although "an amended complaint does not automatically revive all of the defenses and objections that a defendant has waived in response to the original complaint," we have repeatedly distinguished between (1) defenses involving "the core issue of a party's willingness to submit a dispute to judicial resolution, such as lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service, or the existence of an arbitration agreement, [which] are not automatically revived"; and (2) "revivable, merits-based defenses." *Carroll v. Trump*, 88 F.4th 418, 432–33 (2d Cir. 2023) (internal quotation marks and citation omitted); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (failure to plead fraud with particularity is a revivable defense). Here, Defendants' invocation of Rule 12(b)(6) "is an effort to achieve judicial resolution of the controversy"; thus, our precedent "does not argue for waiver, particularly since the answer to the original complaint pleaded failure to [state a claim upon which relief can be granted] as a defense." *Shields*, 25 F.3d at 1128. Accordingly, we find Plaintiffs' timeliness or waiver argument to be without merit.

3

(Count I), 207 (Count III); N.Y. Lab. Law §§ 162 (Count V), 195(1) (Counts VII and VIII), 652(1) (Count II); 12 N.Y.C.R.R. §§ 142-2.2 (Count IV), 146-2.1 (Count VI).[2]  Thus, to state a claim under the FLSA or NYLL and avoid dismissal, Plaintiffs must allege facts sufficient to plausibly show that one or more of the Defendants was their employer.  *See Dejesus* 726 F.3d at 90–91; *see also Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."[3]  29 U.S.C. § 203(d); *see also* N.Y. Lab. Law §§ 190(3), 651(6) (NYLL definitions of employer).  Recognizing the "expansiveness" of this definition, *Falk v. Brennan*, 414 U.S. 190, 195 (1973), the Supreme Court has long instructed that employment status under the FLSA should be based on "economic reality rather than technical concepts," *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961) (internal quotation marks and citations omitted); *accord Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 301 (1985).

Accordingly, this Circuit "treat[s] employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances."  *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141–42 (2d Cir. 2008).  To determine the "economic

---

[2]  Counts V and VI purport to assert claims under Section 162 of the NYLL and Section 146-2.1 of the New York Administrative Code, respectively.  However, New York courts have held that there is no private right of action to enforce Section 162.  *See Salahuddin v. Craver*, 163 A.D.3d 1508, 1509 (4th Dep't 2018); *see also Hill v. City of New York*, 136 F. Supp. 3d 304, 350–51 (E.D.N.Y. 2015).  Further, Section 146-2.1 only applies to the hospitality industry.  *See generally* 12 N.Y.C.R.R. § 146; *see also id.* § 146-3.1(a) (defining "hospitality industry" as "any restaurant or hotel").  We therefore affirm the district court's dismissal of Counts V and VI on those grounds.  *See Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 413 (2d Cir. 2014) ("It is well settled that this Court may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the district court." (internal quotation marks and citation omitted)).

[3]  Plaintiffs argue that each Defendant is liable as an employer under both the FLSA and NYLL by relying exclusively on cases that interpret the FLSA's definition of that term.  Accordingly, "[f]or purposes of this appeal, we assume, without deciding, that the tests for employer status are the same under the FLSA and NYLL."  *Tapia v. BLCH 3rd Ave LLC*, 906 F.3d 58, 61 n.1 (2d Cir. 2018) (alteration adopted) (internal quotation marks and citation omitted).

reality" of an employment relationship, pursuant to the legal standard articulated in *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984), we consider four factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 12 (internal quotation marks and citation omitted). "No one of the four factors standing alone is dispositive," and the "overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Herman*, 172 F.3d at 139 (internal citation omitted); *see also Dejesus*, 726 F.3d at 91 (observing that "in the context of a motion to dismiss, district courts in this Circuit have . . . found that complaints sufficiently allege employment when they state where the plaintiffs worked, outline their positions, and provide their dates of employment"). "Since economic reality is determined based upon *all* the circumstances, any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition." *Herman*, 172 F.3d at 139.

On appeal, Plaintiffs argue that the district court erred in concluding, based on the totality of the circumstances, that the factual allegations in the Second Amended Complaint were insufficient to reasonably infer an employment relationship between Plaintiffs and each of the Defendants. We agree.

With respect to Individual Defendant Escobar—the owner and president of Corporate Defendant Escobar Construction—Plaintiffs make specific factual allegations to support the *Carter* factors, including, *inter alia*, that Escobar: (1) "hired Plaintiffs"; (2) "would bring new workers to construction sites and would fire workers when there was a shortage of work at the project"; (3) "hired Vicente Pad[i]lla as assistant supervisor" and "had project supervisors manage

5

the work schedules of each employee"; (4) "was present on a day-to-day basis at the University Project in Ithaca, New York" and "was a direct contact with Plaintiffs at [that] worksite"; (5) "had his workers work in extreme weather conditions without insulated clothes, boots, and overall[s]"; (6) "promised Plaintiff . . . Perez Perez a starting hourly wage rate of $18" and later "promised to raise . . . Perez Perez's hourly wage rate to $25"; and (7) "promised Plaintiff . . . Sanchez Arias an hourly wage rate of $17 after a few months of employment." Joint App'x at 76–78 (emphasis omitted).

Defendants acknowledge, and the district court recognized, that Plaintiffs did allege facts plausibly supporting that Escobar had the power to hire and fire employees and determine the rate of payment (*i.e.*, the first and third *Carter* factors). Nevertheless, Defendants argue that the district court properly dismissed the Second Amended Complaint because Plaintiffs did not adequately allege facts to support the other two *Carter* factors. As an initial matter, we emphasize that *Carter*'s "economic reality" test does not create separate elements that must be satisfied to survive the motion to dismiss stage, but rather *factors* that must be collectively analyzed under the totality of the circumstances to determine whether there is a plausible claim. *See Herman*, 172 F.3d at 139–40 (finding individual defendant to be plaintiffs' employer where the evidence supported three of the four *Carter* factors). Here, when viewing the allegations with respect to the second and fourth *Carter* factors collectively with the allegations relating to the other factors, Plaintiffs have asserted a plausible claim that Escobar has sufficient control to be Plaintiffs' employer, and we find Defendants' arguments to the contrary to be unpersuasive.

For example, as to the second *Carter* factor, Defendants contend that there is no reasonable inference that Escobar supervised and controlled Plaintiffs' schedules and conditions of employment because Plaintiffs alleged that project supervisors—rather than Escobar himself—

6

managed workers' schedules. We have held, however, that the hiring of "individuals who were in charge of the [workers] is a strong indication of control" under the first *Carter* factor, and that the second *Carter* factor can be satisfied when the alleged employer "was involved in the assignment of [workers] to some work locations" and gave managerial staff instructions for running the business. *Id.* at 140. Here, to support the second *Carter* factor, Plaintiffs have alleged that Escobar hired at least one of the supervisors in charge of workers' schedules and that Escobar personally controlled the allocation of workers and the conditions of employment at least at the Ithaca worksite. With respect to the fourth *Carter* factor, although Plaintiffs do not allege that Escobar maintained time records, the absence of such an allegation does not undermine the plausibility of Escobar's control over the workers where it is alleged that he "intentionally failed to keep and/or retain records pertaining to the hours worked by Plaintiffs." App'x at 78. Indeed, Plaintiffs' allegations that "Escobar instructed Plaintiff . . . Perez Perez to work under the ITIN of [another individual]" and "issu[ed] tax forms in excess of the amount paid" to the workers indicate that Escobar was involved in the maintenance of at least certain tax-related documentation and thus provide some support for the fourth *Carter* factor. Joint App'x at 77–78 (emphasis omitted). In short, we conclude that Plaintiffs have plausibly alleged that Escobar was their employer within the meaning of the FLSA and NYLL.

Although the allegations are less extensive as to Individual Defendants Palacios and Alvarez, the allegations are likewise sufficient to permit the reasonable inference that they also were Plaintiffs' employers. Plaintiffs allege, for example, that: (1) Palacios and Alvarez are relatives of Escobar and the owners of Corporate Defendants JRS Services and Nations Construction, respectively; (2) Palacios hired Plaintiff Perez Perez and was his day-to-day supervisor at the Binghampton, New York worksite; (3) Palacios handled the paychecks for JRS

7

Services and also distributed paychecks sent by Escobar Construction and Nations Construction; (4) Alvarez hired an employee of Escobar Construction to serve as project supervisor at the Lafayette, Indiana worksite where Plaintiffs worked; and (5) Alvarez set the rate of payment for employees of Nations Construction. We thus conclude that, under the totality of the circumstances, the non-conclusory factual allegations are sufficient to support a plausible claim that Palacios and Alvaraz were—in addition to Escobar—Plaintiffs' employers within the meaning of the FLSA. *See, e.g.*, *Irizarry v. Catsimatidis*, 722 F.3d 99, 117 (2d Cir. 2013) (finding that an individual defendant's "actions and responsibilities—particularly as demonstrated by his active exercise of overall control over the company, his ultimate responsibility for the plaintiffs' wages, his supervision of managerial employees, and his actions in individual [locations]—demonstrate that he was an 'employer' for purposes of the FLSA").

We reach the same conclusion with respect to the Corporate Defendants. It is well established that, for purposes of the FLSA, "a worker may be employed by more than one entity at the same time." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 66 (2d Cir. 2003); *see Herman*, 172 F.3d at 139 (observing that joint employer's exercise of limited or occasional control did not remove employment relationship from protections of the FLSA). Moreover, we have recognized that "an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005).

Here, Plaintiffs allege, *inter alia*, that Escobar Construction, Nations Construction, and JRS Services: (1) "share staff, including Plaintiffs who would perform construction work at the various worksites"; (2) "pay Plaintiffs for the work performed as an indistinguishable entity" (*e.g.*,

8

pay Plaintiffs for work performed on behalf of Escobar Construction using checks issued by Nations Construction or JRS Services); (3) "advertise . . . as an enterprise"; (4) transfer profits to Escobar's family members who did not work for the companies; and (5) are ultimately controlled by Escobar who "directed the behind-the-scenes of all three companies." Joint App'x at 86–87 (emphasis omitted). The Second Amended Complaint also provides some specific examples to support the claim that the Corporate Defendants operated as a single enterprise that, together with the Individual Defendants, constituted Plaintiffs' joint employer. For example, it alleges that Escobar "directed Plaintiffs to work at the different work sites, including at Binghamton, New York, where Escobar's son . . . Palacios acted as a day to day supervisor and Lafayette, Indiana, where Escobar's niece . . . Al[v]arez[] acted as a day to day supervisor." *Id*. (emphasis omitted). In addition, the Second Amended Complaint alleges that "[t]he only projects Nations Construction, Inc. worked on was the project [sic] it had with Escobar Construction, Inc." and "[m]aterials— including drywall, paint, and construction materials—was [sic] was ordered to the office of Escobar Construction, Inc." *Id*. at 87 (emphasis omitted). Furthermore, Nations Construction allegedly made numerous payments to Escobar's spouse, including one for $35,000, even though she never worked for the company. In sum, we conclude that these factual allegations, viewed under the totality of the circumstances, are sufficient to plausibly state that the Corporate Defendants collectively operated as Plaintiffs' employer within the meaning of the FLSA and NYLL.

\* \* \*

We have considered Defendants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment as to Counts V and VI, **VACATE** the judgment as to the remaining claims, and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court